BENJAMIN GUTIERREZ
Reg. No. 27863-078
USP YAZOO CITY
U.S. PENITENTIARY
P.O. BOX 5000
YAZOO CITY, MS 39194

## U.S. DISTRICT COURT
### EASTERN DISTRICT OF TEXAS [LIVE] (SHERMAN)

| | |
|---|---|
| **BENJAMIN GUTIERREZ,**<br><br>Petitioner,<br><br>Vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>Plaintiff. | Cs. No. **4:18-cr-00108-ALM-CAN-3**<br><br>**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release or Sentence Reduction)** (Consideration under, **Concepcion v. United States**, No. 20-1650 (June 27, 2022)) and the **Amendments to the Sentencing Guidelines (Preliminary) April 5, 2023** |

Does this motion include a request that any documents attached to this motion be filed under seal? **Yes**

### I. SENTENCE INFORMATION

Date of sentencing: 08/08/2019

### JUDGMENT AND COMMITMENT ISSUED

| | |
|---|---|
| CONSPIRACY TO POSSESS WITH THE INTENT TO MANUFACTURE AND DISTRIBUTE METHAMPHETAMINE (1) | 87 months imprisonment, fine waived, special assessment of $100.00, supervised release for a period of 5 years |

Approximate time served to date: Approximate 4 years

Projected release date: 10/07/2028

Length of Term of Supervised Release: 5 years

Have you filed an appeal in your case?

**X NO**

Are you subject to an order of deportation or an ICE detainer? Yes

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Petitioner submits that 18 U.S.C. § 3582(c)(1)(A) allows you to file this motion because it has been 30 days after the warden of my facility received my request.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

X Yes, I submitted a request for compassionate release to the warden.

☐ No, I did not submit a request for compassionate release to the warden.
If no, explain why not:

Was your request denied by the Warden?
Yes, my request was denied by the warden on (date): **NO RESPONSE**

No. I have not received a response yet.

## III. GROUNDS FOR RELEASE

**A. Are you 70 years old or older?**

X   No.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

X   No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

X   Unknown.

**B. Do you believe there are other extraordinary and compelling reasons for your release?**

**X Yes**.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

☐ I have been diagnosed with a terminal illness.

**X.** I respectfully Motion this honorable Court for an Order directing the Government to produce Petitioner Gutierrez's BOP Program and Prison Rehabilitation Records and BOP Prison Medical Records for inspection by the honorable Court

X There are other extraordinary and compelling reasons for my release.

**A. Petitioner Gutierrez has Extraordinary and Compelling Reasons Justifying a Sentence Reduction.**

### FACTS AND PROCEEDINGS

First, Petitioner Gutierrez submits that in *Concepcion v. United States,* No. 20-1650 (June 27, 2022)(link is external), a 5 to 4 Supreme Court held the First Step Act allows district courts to consider intervening changes of law (such as changes to the Guidelines) or fact (such as behavior in prison) in exercising their discretion to reduce a sentence. This reverses the law in the First, Fifth, Ninth and Eleventh Circuits, which before today, limited the discretion of district courts to consider only one variable in conducting a resentencing under Section 404(b) of the First Step Act--the change to the statutory minimum and maximum. But the decision also makes plain the First Step Act does not compel courts to their discretion to reduce any sentence based on intervening changes in the law or facts. While *Concepcion* is about crack

3

resentencing under Section 404 of the First Step Act, Professor Douglas Berman suggests the Court's ruling should also resolve circuit split on compassionate release factors.

Second, Petitioner's medical condition consists of mild medical problems.

Third, Petitioner Gutierrez has demonstrated exceptional efforts towards his rehabilitation during his time of incarceration. He is a role model prisoner.

Petitioner Gutierrez does not pose a danger to the community, under 18 U.S. Section 3142(g). Petitioner Gutierrez is presently employed in his present institution of confinement. In addition, Petitioner Gutierrez has a job plan available upon his release, despite his physical limitations, and a stable residence where he is going to reside.

Petitioner Gutierrez submits that this Court should grant Mr. Gutierrez a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) because of his medical issues, rehabilitation, and the disparity, his age and his youth at the time of his offense, and his significant rehabilitation over the significant length of time that Mr. Gutierrez has already served in prison. In support, the cases as follow: United States v. Hector Luis Rios, No. 3:94-cr-112 (JBA) (D. Conn., Dec. 8, 2020); United States v. Hector Lopez, Cr. No. 97-01117 ACK-2 (D. Haw. Oct. 27, 2020); United States v. Diego Rodriguez, No. 00-cr-761-2 (JSR) (S.D.N.Y., Sept. 30, 2020); United States v. Sergio Santamaria, Case No. 4:04-cr-00199-RP-RAW (S. D. Iowa, 2-01-2021); United States v. Jesus Manzo, Case No. 2:07-cr-02042-WFN (E. D. Wa. 7-29-2021); United States v. Luis Cano, 1:95-cr-00481-CMA (S. D. Fla., 12-17-2020); and United States v. Ledezma-Rodriguez, --- F.Supp.3d ---- (2020) (United States District Court, S.D. Iowa, Case No. 3:00-CR-00071, Signed 07/14/2020).

**1. Mr. Gutierrez's Medical Condition and the COVID-19 Pandemic**

Petitioner Mr. Gutierrez submits that courts throughout the country, including in this district, have overwhelmingly concluded that a district court can consider factors other than those explicitly listed in subsections (A)-(C) of the Sentencing Commissions' policy statement when determining whether "extraordinary and compelling" reasons exist warranting compassionate release. United States v. Rodriguez, 451 F. Supp. 3d 392, 395-400 (E.D. Pa. 2020). Further, this Court has discretion to assess whether Mr. Gutierrez presents "extraordinary and compelling reasons" for his release outside of those listed in the non-exclusive criteria of subsections (A)-(C) of the old policy statement. See United States v. Brown, 457 F. Supp. 3d 691, 701 (S.D. Iowa 2020); Moody, 05-80121-CR-COHN, 2020 WL 4059659, at *3 (S.D. Fla. May 15, 2020).

In determining whether "extraordinary and compelling reasons" exist courts do not consider a defendant's medical condition in isolation, rather, <u>courts evaluate a defendant's medical record as a whole, including taking into account a defendant's age</u>. Blake, 15-CR-80018, 2020 WL 4677309 (S.D. Fla. Aug. 12, 2020). The CDC guidelines indicate that people of any age with a BMI of 30 or higher are at an increased risk of severe illness from COVID-19. United States v. Critchlow, 215CR00006JMSCMM, 2020 WL 5544043, at *1 (S.D. Ind. Sept. 16, 2020).

When Congress sought to expand compassionate release to more federal inmates, it recognized the Sentencing Commission's criteria were inadequate. What is more, even the Commission realized there would be "extraordinary and compelling" cases that fell outside its three, narrowly drawn examples. See U.S.S.G. § 1B1.13. Mr. Gutierrez presents such a case. His sentence, post-rehabilitation, institutional programming, family support, together constitute extraordinary and compelling reasons for release.

**2. Sentencing Factors under 18 U.S.C. Section 3553(a)**

offender, has served several years of his sentence imposed following his conviction.

In evaluating whether a defendant poses a danger to the community courts view a defendant's recent good conduct as a more reliable indicator of his likelihood to recidivate. Id. (citing Pepper v. United States, 562 U.S. 476 (2011) (Defendant's post-sentence rehabilitation provides the "most up-to-date picture" of the defendant and is the best evidence available of the likelihood the defendant will or will not engage in future criminal conduct).

Furthermore, Petitioner Gutierrez has a reentry plan that will allow him to abide by all terms of supervised release. Petitioner Gutierrez will attest that should this Honorable Court grant Petitioner Gutierrez's Motion for Compassionate Release, Petitioner Gutierrez would be employed immediately upon release. Affidavits will be available, also counting on strong family ties to support his compassionate release.

Finally, any concerns this Court may still have regarding Petitioner Gutierrez's release, possible recidivism upon his release can be addressed by adding additional strict conditions to his sentence of supervised release.

Petitioner Gutierrez's documented extensive efforts, excessive sentence, post-rehabilitation, institutional programming, family support, together constitute extraordinary and compelling reasons and weigh in favor of his release or reduction in sentence and, as discussed, his age make recidivism unlikely. see also U.S. Sentencing Comm., Length of Incarceration and Recidivism, https://www.ussc.gov/sites/default/files/pdf/research-and publications/researchpublications/2020/20200429_Recidivism-SentLength.pdf(last visited August 4, 2020). Additionally, as illustrated by the above relevant chart, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), also cuts in favor of release. Thus, the applicable § 3553(a) factors favor release.

### 3. Petitioner Gutierrez's Extraordinary Rehabilitation

Courts have found that an inmate's rehabilitation while incarcerated, in conjunction with other factors, can constitute "extraordinary and compelling" circumstances sufficient to warrant a sentence reduction. See Hope, 90-CR-06108-KMW-2, 2020 WL 2477523, at *2 (S.D. Fla. Apr. 10, 2020); Stephenson, 3:05-CR-00511, 2020 WL 2566760 at 2 (S.D. Iowa May 21, 2020).16

Here, Petitioner Gutierrez provides ample evidence that he is no longer the same immature and irresponsible person whom this Court incarcerated almost several years ago. See United States v. Millan, 91-CR-685 (LAP), 2020 WL 1674058, at *9 (S.D.N.Y. Apr. 6, 2020). While incarcerated Petitioner Gutierrez has availed himself of countless hours of educational courses. Petitioner Gutierrez has also taken significant steps to reform and better himself so that he may be a more productive individual upon his release. Petitioner Gutierrez has worked for years and forged meaningful relationships with other inmates and staff alike, while also fostering relationships with his family members this is further evidence of Petitioner Gutierrez's extraordinary rehabilitation. See also Ledezma-Rodriguez, 3:00-CR-00071, 2020 WL 3971517, at *5–6 (S.D. Iowa July 14, 2020) ("Rehabilitation of the defendant alone shall not be considered" sufficiently extraordinary and compelling to justify compassionate release. § 994(t) (emphasis added). Yet a "statute should be construed so that effect is given to all its provisions. . .. This means that for the word "alone" to do any work—as it must—the statute allows courts to consider rehabilitation as part of a compassionate release motion. Thus, several courts have found a defendant's rehabilitation to be part of the extraordinary and compelling reasons favoring release."); United States v. Stephenson, 3:05-CR-00511, 2020 WL 2566760, at *3 (S.D. Iowa May 21, 2020) ("Courts have found that the unprecedented risks of COVID-19 and rehabilitation each

constitute extraordinary and compelling reasons to grant compassionate release.").

## IV. ATTACHMENTS AND REQUEST TO SEAL

Reqeust to seal documents.
For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information. All Documents

Document Attached?  **X**  Yes

Request to seal? **X**  Yes

Proposed Release Plan  **X**  Yes

Additional medical information
**X** Yes, See Attached Motion.

## V. REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me with properly briefing my Motion and obtain the documents and evidence surrounding housing, Family, Employment and necessary information and Medical documents. **X** Yes

## VI. MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move this honorable Court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

August 9, 2023

Signature /s/ Benjamin Gutierrez
BENJAMIN GUTIERREZ
Reg. No. 27863-078
USP YAZOO CITY
U.S. PENITENTIARY
P.O. BOX 5000
YAZOO CITY, MS  39194